IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN COXON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-01846-S (BT) |
| | § | |
| THE UNITED STATES | § | |
| ATTORNEYS, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Benjamin Coxon initiated this *pro se* civil action on August 17, 2023, when he filed a complaint, an amended complaint, and a motion for leave to proceed *in forma pauperis*. That same day, the Court issued a Consent Form (ECF No. 1) and Notice and Instructions to a *Pro Se* Party (ECF No. 2). Thereafter, Coxon filed a second amended complaint and at least half a dozen miscellaneous submissions. (ECF No. 7; ECF Nos. 9-16). The Court attempted to screen his second amended complaint, but it failed to comply with Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the claims showing the plaintiff is entitled to relief. Coxon's second amended complaint also is not on the proper form and exceeds the page limitations for a brief under Local Civil Rule 7.2. He further failed to pay the filing fee and failed to file a properly completed financial affidavit in support of his motion for leave to proceed *in forma pauperis*. Accordingly, the Court sent Coxon a Notice of Deficiency and Order (ECF

No. 17) directing him to file a complaint on the proper form and in compliance with Rule 8(a), file a brief in compliance with Local Civil Rule 7.2, and pay the filing fee or file a properly completed financial affidavit in support of his motion for leave to proceed *in forma pauperis*. The Order informed Coxon that failure to respond and cure the deficiencies by September 29 could result in a recommendation that his case be dismissed. To date, Coxon has not filed any response, a complaint in compliance with Rule 8(a), or otherwise complied with the Court's Notice of Deficiency and Order. On October 6, the Consent Form and Notice and Instructions were returned to the Court marked "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD." (ECF No. 19.) Coxon has failed to provide the Court with a current address. In view of all the circumstances, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to

control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Coxon did not respond to the Notice of Deficiency and Order; nor did he file a complaint that complies with Rule 8(a). He has thus failed to comply with the Court's order.

Coxon's second amended complaint, the operative complaint, is eighty-two typed pages in length. He refers to numerous portions of the United States Code, such as the "United States Code Title Eighteen Sections 242, 242, 242, 242, 242, 242, 242, 242, 242, 1201, 1201, 1584 a, 1589 a, 1589 b, 1590 a, 1593A, 229 a 1 and 1113." 2d Am. Compl. 38 (ECF No. 7). But Coxon fails to provide any logical factual background in support of a claim(s). His pleading is comprised almost entirely of sentence fragments having no apparent relationship to each other. *See generally* 2d Am. Compl. As drafted, the Court cannot discern whether it has jurisdiction over Coxon's claims or whether the Dallas Division of the Northern District of Texas is the proper venue for this action. *See* 2d Am. Compl. 7, 8 (alleging that "Venue is appropriate at the United States District Court Northern District of Texas Dallas Division" and "Venue might not be appropriate at the United States District Court Northern District of Texas Dallas Division").

Coxon fails to provide a short and plain statement of his claim(s) showing he is entitled to relief. *See* Fed. R. C. P. 8(a)(2), (3). He does not

allege sufficient facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). Nor does he specify the relief he seeks. This litigation cannot proceed until he cures this deficiency by filing a complaint in compliance with Rule 8(a). Dismissal without prejudice is warranted under these circumstances.

This litigation also cannot proceed because Coxon failed to keep the Court apprised of his current address. He filed this case on August 17, 2023, and that same day, the Court mailed him a Consent Form (ECF No. 1) and Instructions to a *Pro se* Party (ECF No. 2), which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 2 at 1.)

By failing to provide the Court with a current address, Coxon has failed to comply with a court order and failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Coxon's case without prejudice under Rule 41(b).

## Recommendation

The Court should dismiss this civil action without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed October 11, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.